OPINION
Defendant-appellant Elton Christian appeals from the decision of the Mahoning County Common Pleas Court which found him guilty of felonious assault with a firearm specification. For the following reasons, the trial court's judgment is affirmed.
 I. STATEMENT OF FACTS
On November 29, 1996, Charles Harmon drove his Grand Am to the Amoco gas station on Oak Street on the east side of Youngstown. While Mr. Harmon was pumping gasoline, his passenger, Curtis Moses, got into an argument with appellant who was purchasing gas for his Cadillac. Appellant's brother soon arrived at the scene of the argument with his cousin, Efriem Brown. After the argument subsided, Mr. Harmon and Mr. Moses left the gas station in the Grand Am, turned onto Shehy Street, and stopped at a red light. From this point, the testimony diverges into two factual scenarios.
Appellant testified that after the argument he left the gas station by himself and drove down Route 422. Appellant's brother testified that he saw appellant drive away alone, "in the opposite direction of Mr. Harmon's car. Appellant's brother and Mr. Brown testified that they left together in a third direction. However, Mr. Harmon and Mr. Moses testified to the sequence of events contained in the next two paragraphs.
Mr. Harmon testified that as he was waiting for a traffic light in his Grand Am, he spotted appellant's Cadillac behind him. He noticed that Mr. Brown was in the passenger side of the Cadillac with a gun pointed out of the window. Shots were fired at the Grand Am. Mr. Harmon accelerated and he and Mr. Moses ducked in their seats. Mr. Harmon looked in his mirror and saw that appellant was also shooting at him.
Mr. Harmon made a left turn onto Truesdale Avenue. Mr. Moses turned in his seat and saw Mr. Brown sitting on the passenger door shooting over the Cadillac at the Grand Am. The Cadillac did not follow the Grand Am down Truesdale. As the Grand Am stalled near the bottom of Truesdale, Mr. Moses noticed the Cadillac coming from the right and saw appellant pointing a gun out the window at him. After the Cadillac drove by without opening fire, Mr. Harmon drove to Mr. Moses' mother's house and called the police.
Officer Terrence Alexander responded to the call and discovered six bullet holes in Mr. Harmon's car, two in the trunk, two in the rear window, one in the front window, and one in the roof. Appellant was arrested on December 12, 1996 and was indicted for felonious assault with an accompanying gun specification. On July 18, 1997 after a trial to the court, appellant was found guilty of both counts. The court sentenced appellant to three years of actual incarceration on the gun specification and a definite three year term of incarceration on the felonious assault conviction. The within appeal followed.
 II. ASSIGNMENTS OF ERROR
Appellant sets forth three assignments of error, the first of which alleges:
 "The trial court erred in overruling appellant's motion for acquittal when the evidence presented by the state was insufficient to sustain a conviction."
After the state presented its case, appellant moved for an acquittal pursuant to Crim.R. 29 (A) which requires an acquittal if the evidence is insufficient to sustain a conviction. The denial of a motion for an acquittal is evaluated utilizing the same test as is used for determining whether or not the state's evidence is sufficient to sustain a conviction. See, e.g., Statev. Getsy (1998), 84 Ohio St.3d 180, 183; State v. Dennis
1997), 79 Ohio St.3d 421, 430.
Whether or not the state's evidence is sufficient is a question of law dealing with adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380,386. This court must determine if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Goff
(1998), 82 Ohio St.3d 123, 138, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. If reasonable minds could reach different conclusions, then the evidence is sufficient. See State v. Bridgeman (1978), 55 Ohio St.2d 261.
Pursuant to R.C. 2903.11 (A) (2), the pertinent elements of the felonious assault of which appellant was convicted are: knowingly causing or attempting to cause physical harm to another by means of a deadly weapon. After reading the transcript and viewing the testimony of Mr. Harmon and Mr. Moses in a light most favorable to the state, it is apparent that a reasonable trier of fact could find that the state proved the elements of felonious assault beyond a reasonable doubt. Mr. Harmon's testimony that he saw 4 appellant shooting at him coupled with the bullet holes in Mr. Harmon's car constitute sufficient evidence to support appellant's conviction.
The arguments proffered by appellant to support his argument of insufficient evidence revolve around witness credibility and conflicting testimony. "[I]n a review of the sufficiency of the evidence, the court does not engage in a determination of the witnesses' credibility." Goff, supra at 139. Such arguments are more properly addressed under appellant's manifest weight of the evidence argument which we will discuss next. Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error provides:
 "Appellant's conviction was against the manifest weight of the evidence."
A reviewing court will not reverse a decision on manifest weight grounds unless, after evaluating the record, considering the witnesses' credibility, and weighing the evidence and the inferences that can reasonably be drawn therefrom, the court determines that the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, supra
at 387., quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
This case primarily revolves upon the credibility of witnesses. The credibility of appellant, appellant's brother, and Mr. Brown must be weighed against the credibility of Mr. Moses and Mr. Harmon. Determinations about witness credibility are predominately the province of the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 231. This is basically because the trier of fact has a superior vantage point from which to observe the demeanor of each witness as testimony is presented. Myers v.Garson (1993), 66 Ohio St.3d 610, 615.
In the case at bar, the parties agree that appellant and Mr. Moses argued intensely at the gas station on November 29, 1996. The victims testified as to their version of events and the trial court apparently found them to be credible witnesses. The victims' story was corroborated by the fact that Officer Alexander discovered six bullet holes in Mr. Harmon's car and testified that the bullets that made the holes had to have been fired within the past twenty four hours. There is nothing the record to indicate that the trial court's finding of guilt is manifestly unjust. Therefore, this assignment of error is without merit.
Appellant's third assignment of error contends:
 "Eyewitness description of gun is insufficient to establish that firearm is operable, as required to support conviction of firearm specification."
In order for the court to convict appellant of a firearm specification, the state must have proven that, "the offender had firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145
(A). Pursuant to R.C. 2923.11 (B) (1), a firearm is defined as any deadly weapon capable of expelling projectiles by the action of an explosive propellant, including an unloaded firearm and one that is in operable but that can readily be made operable. To determine whether a firearm is capable of such expulsion, the fact-finder may rely on circumstantial evidence, such as any representations or actions of the offender. R.C. 2923.11 (B) (2).
A totality of the circumstances approach is appropriate to determine whether there is sufficient evidence for a firearm specification conviction. Thompkins, supra at 383. A firearm specification is strongly supported by evidence such as bullet holes or testimony about gun shots. State v. Gaines (1989),46 Ohio St.3d 65, 71-72. Although such strong evidence is not required, it is present in this case.[1]
Mr. Harmon testified that before he turned onto Truesdale Avenue he saw and heard appellant shooting at the Grand Am. When the Grand Am stalled at the bottom of Truesdale, Mr. Moses saw appellant pointing a gun at him. Moreover, six bullet holes pierced Mr. Harmon's car. This testimony, when viewed in a light most favorable to the state, is sufficient evidence upon which a rational trier of fact can base a firearm specification. Accordingly, appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE
[1] A description of the firearm by a lay witness and an implicit threat to use the firearm by the offender constitute sufficient evidence to support a firearm specification. State v.Murphy (1990), 49 Ohio St.3d 206, 208-209 (modifying Gaines and expanding the range of proof admissible to establish that a firearm was utilized). See, also, Thompkins, supra
at 384-385 (reaffirming its holding in Murphy).